```
              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF NEW YORK
                                    :
GERALD H. SKINNER,                  :
     Appellant,                     :
                                    :
     v.                             :      No. 6:06-cv-935
                                    :
MARY D. SKINNER,                    :
     Appellee.                      :
                                    :
```

## ORDER

Gerald Skinner, Plaintiff-Appellant, brings this appeal from United States Bankruptcy Judge Robert E. Littlefield's Order dated June 14, 2006. In this Order, Judge Littlefield dismissed Gerald Skinner's adversary proceeding complaint against Mary Skinner, Defendant-Appellee. The Court AFFIRMS the Bankruptcy Court Order for the reasons set forth below.

### I. FACTS

Gerald Skinner is the son of Mary Skinner. Edward Skinner, father and husband to the respective parties, is deceased. At some time in the 1980's, Gerald, Edward and Mary Skinner agreed that Gerald would construct a log cabin on a parcel of land owned by his parents. Gerald Skinner states that the parties further agreed that he would be paid one-half of the proceeds when the parcel was sold. The log cabin was subsequently completed and sold for $33,000. Gerald Skinner, however, was not paid his share of the proceeds; instead he agreed to allow his parents to retain his share with the understanding that the debt would be

repaid in the future.

After his father's death, Gerald Skinner sought repayment of his share.  Mary Skinner has maintained that she has not had and does not have the financial resources to repay her son.  Gerald Skinner eventually brought an action in state court and was awarded a judgment against his mother in excess of $42,000, which remains unpaid.

Following the death of her mother, Mary Skinner received an inheritance from her mother's estate in 1999.  Gerald Skinner believes the estate assets were worth approximately $93,000 and that Mary Skinner was the sole recipient.  Mary Skinner has contended that the estate was worth significantly less, approximately $23,000, and that she and her eight step-siblings each received a one-ninth share, totaling less than $3,000.  Mary Skinner has not been able to provide specific documentation from the estate proceeding because a significant amount of time has elapsed since the estate was closed.  However, she has provided relevant information including responses to written interrogatories and a sworn affidavit which were judged sufficient by the Chapter 7 Trustee, the U.S. Trustee and the Bankruptcy Court.

On October 11, 2005, Mary Skinner filed a voluntary petition under Chapter 7 with the Bankruptcy Court.  Gerald Skinner was listed as a creditor in the petition, and he received notice of

the proceedings prior to the hearing scheduled for November 18, 2005.  This notice clearly stated that the deadline to file a complaint objecting to discharge of the debtor was set for January 17, 2006.

Due to ill health, Mary Skinner was unable to attend the November 18, 2005, hearing.  Gerald Skinner was present at the hearing with counsel, who notified the Chapter 7 Trustee of his concern that Mary Skinner had not reported receipt of any assets from her mother's estate.[1]  After attending this initial hearing, Appellant's counsel failed to enter his appearance for his client with the court, as required by the Local Bankruptcy Rules.  Consequently, Appellant's counsel did not learn that the Bankruptcy Court had issued an order waiving Mary Skinner's appearance at the meeting of creditors because she had suffered a stroke.  Appellant's counsel took no action until after the noticed deadline had passed, failing even to file a motion for an extension of time.

Approximately one month after the deadline had passed and after a discharge had been granted to Mary Skinner, Gerald Skinner filed a complaint objecting to the discharge.  Mary

---

[1] As noted above, Mary Skinner contends that she did not receive a significant inheritance from her mother's estate. Moreover, she argues that regardless of the amount received, she was not required to report it because it was received more than six years prior to filing and because she was no longer in possession of any of the funds at the time of filing.

Skinner moved to dismiss the complaint on the grounds that it was untimely. The parties provided written submissions and a hearing was held on April 26, 2006. After considering the arguments, Judge Littlefield granted the parties additional time to further brief the issues and a second hearing was held on June 6, 2006. At this hearing, Judge Littlefield granted the motion to dismiss.

## II. DISCUSSION

Gerald Skinner argues that the Bankruptcy Court should have extended the deadline for challenging the discharge on equitable grounds. He points to a number of decisions in which late filings were permitted based on findings of fraud, forgery, or failure to comply with ordered document production. Aside from Appellant's bare allegations, however, the record in this case does not support a finding of willful delay, let alone fraud on the part of Mary Skinner. Thus there is no equitable justification for permitting a late filing.

In fact, Gerald Skinner's submissions tend to indicate that his delay in filing was not actually a consequence of any action or omission by Mary Skinner, but rather a result of the alleged insufficiency of notice. Yet the Court finds his Due Process arguments unpersuasive. First, Gerald Skinner had actual notice of the January 17, 2006, deadline from the very outset. Second, lack of notice with respect to the motion to waive appearance did not significantly impact his ability to challenge the discharge

4

nor the deadline for doing so.  Third, the lack of notice is evidently attributable solely to his counsel's failure to comply with the Local Bankruptcy Rules.  Local Bankruptcy Rules 5005-4 and 9010-1 require that attorneys enter their appearance utilizing the Electronic Case Filing System ("ECF System"); notice of all case activity is provided through the ECF System.  Had Appellant's counsel simply entered his appearance online as required, he would have received notice of all relevant filings.

Even assuming *arguendo* that equitable tolling was appropriate, Gerald Skinner has failed to demonstrate a valid underlying claim.  Although he has alleged fraud particularly in connection with his grandmother's estate, the record does not contain any proof of these allegations.  To the contrary, the record shows that the Bankruptcy Trustee has made substantial inquiries into Mary Skinner's inheritance at Gerald Skinner's prompting.  Furthermore, the Bankruptcy Trustee, the U.S. Trustee, and the Court have been satisfied by the information provided by Mary Skinner in response to these inquiries.  The Court thus finds that Gerald Skinner's complaint was properly dismissed.

### III. CONCLUSION

For the foregoing reasons, the Order of the Bankruptcy Court is AFFIRMED.

Dated at Burlington, Vermont this 29th day of October, 2007.

/s/ William K. Sessions III
William K. Sessions III[2]
U.S. District Court Judge

---

[2] Sitting in the Northern District of New York by designation.